UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4480 FMO (JEMx) | Date | November 2, 2020 |
|---|---|---|---|
| Title | Chris Langer v. 256 Winton Center | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge |
|---|---|
| Vanessa Figueroa | None Present |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** (In Chambers) Order Re: Application for Default Judgment [14]

Having reviewed and considered Chris Langer's ("plaintiff") Application for Default Judgment by Court Against 256 Winston Center (Dkt. 14, "Application"), as well as all accompanying exhibits, the court finds that oral argument is not necessary to resolve the Application, see Fed. R. Civ. P. 78(b); Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

Plaintiff seeks entry of a default judgment against 256 Winston Center ("defendant") on his claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq., and the Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51, et seq. (See Dkt. 14-1, Plaintiff's Memorandum of Points and Authorities in Support of Application for Default Judgment by Court Against [Defendant], and Request to Affix Fees ("Memo.") at 2-3). To prevail on his ADA claim, plaintiff must establish that: (1) he is disabled within the meaning of the ADA; (2) defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) plaintiff was denied public accommodations by defendant because of his disability. See Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).

Discrimination prohibited by the ADA includes the "failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable[.]" 42 U.S.C. § 12182(b)(2)(A)(iv). "In addition, even if 'an entity can demonstrate that the removal of a barrier . . . is not readily achievable,' the entity is still liable if it fails to 'make [its] goods, services, facilities, privileges, advantages, or accommodations available through alternative methods' so long as 'such methods are readily achievable.'" Lopez v. Catalina Channel Express, Inc., 974 F.3d 1030, 1034 (9th Cir. 2020) (quoting 42 U.S.C. § 12182(b)(2)(A)(v)) (emphases omitted). The ADA defines "readily achievable" as "easily accomplishable and able to carried out without much difficult or expense." 42 U.S.C. § 12181(9). Thus, to prevail on his ADA claim, plaintiff must also establish that: (1) defendant failed to alter the subject barriers when doing so was readily achievable; or (2) if the alterations are not readily achievable, defendant could have made the subject facilities available to plaintiff through alternative methods without much difficulty or expense. See Lopez, 974 F.3d at 1034; 42 U.S.C. § 12182(b)(2)(A)(iv)-(v).

With respect to the "readily achievable" element of his ADA claim, plaintiff asserts that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4480 FMO (JEMx) | Date | November 2, 2020 |
|---|---|---|---|
| Title | Chris Langer v. 256 Winton Center | | |

"[w]hether or not the removal of the[ ] barriers is 'readily achievable' is an affirmative defense that is waived unless raised." (Dkt. 14-1, Memo. at 6). According to plaintiff, because defendant has not appeared in this matter, it has waived its affirmative defense. (See id.).

The Ninth Circuit recently adopted a burden-shifting framework to determine who bears the burden of proving that removal of an architectural barrier is readily achievable. See Lopez, 974 F.3d at 1035. Under this burden-shifting analysis, the plaintiff bears the initial burden of "plausibly showing that the cost of removing an architectural barrier does not exceed the benefits under the circumstances" of the particular case. See id.. Under this new test, "plaintiffs are not required to address in detail each of the four factors to meet their initial burden of plausibly explaining why it is readily achievable to remove an architectural barrier."[1] Id. at 1038. While a plaintiff need not "provide precise cost estimates and a specific design regarding their proposed accommodation[,]" id. (internal quotation marks omitted), they "must plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances." Id. "If the plaintiff makes a plausible showing that the requested accommodation is readily achievable, the burden shifts to the defendant to counter the plaintiff's initial showing, and at that point the district court is required under the statute to weigh each of the [42 U.S.C.] § 12181(9) factors to determine whether removal of the architectural barrier is readily achievable or not." Id. at 1038-39.

Here, plaintiff's allegations are insufficient to show that the cost of removing the alleged barriers – noncompliant parking – does not exceed the benefits of such removal. (See, generally, Dkt. 1, Complaint). For example, plaintiff's conclusory allegations that the barriers "are easily removed without much difficulty or expense[,]" or "are the types of barriers identified by the Department of Justice as presumably readily achievable to remove[,]" (id. at ¶ 16), are insufficient as they fail to address or otherwise show how the costs of removal do not exceed the benefits

---

[1] In considering whether an action is readily achievable, courts consider the following four factors:

(A) the nature and cost of the action needed under this chapter;
(B) the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
(C) the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and
(D) the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9)(A)-(D).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4480 FMO (JEMx) | Date | November 2, 2020 |
|---|---|---|---|
| Title | Chris Langer v. 256 Winton Center | | |

under the particular circumstances.  See Lopez, 974 F.3d at 1039 ("[W]e affirm the district court's conclusion that [the ADA plaintiff] failed to meet his initial burden of plausibly showing that the costs of widening the [defendant's] restroom door d[id] not exceed the benefits such that widening the door was shown to be 'readily achievable.'").  Further, plaintiff does not argue or present any evidence in support of his Application, (see, generally, Dkt. 14-1, Memo. at 6) (contending that whether removal of the barriers is "readily achievable" is an affirmative defense that defendant waived by failing to appear in this action), to "plausibl[y] show[ ] that the requested accommodation[s] [are] readily achievable."  Lopez, 974 F.3d at 1038-39.  Indeed, as discussed above, plaintiff only argues that he is not required to present any evidence as to whether the barriers are readily achievable.  (See Dkt. 14-1, Memo. at 6).  Finally, plaintiff's allegations that "there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable[,]" (Dkt. 1, Complaint at ¶ 16), are insufficient, as they do not allege any specific alternative accommodations, or even examples of alternative accommodations.  (See, generally, id.).

In short, the court will deny plaintiff's Application for failure to carry his initial burden with respect to whether the requested accommodations are readily achievable, and permit plaintiff to file a renewed application for default judgment.  While the court will not require plaintiff to amend his Complaint, he must present sufficient evidence to meet his initial burden of plausibly showing that the requested accommodation is reasonable.  See Lopez, 974 F.3d at 1039 ("[I]t is in plaintiffs' best interest to submit as much evidence as possible pertaining to each of the [42 U.S.C.] § 12181(9) factors in their initial barrier-removal proposal, even if it is not required to satisfy their initial burden of plausibly showing how the costs of removal outweigh the benefits.").  Also, in preparing a renewed application for default judgment, plaintiff should note the following.  First, plaintiff's claim that the parking space for disabled individuals violates the ADA because it is not marked or designed in accordance with state or local laws or regulations, such as the California Building Code, is insufficient to state a violation of the ADA.  See Shaw v. Kelley, 2019 WL 497620, *4 (N.D. Cal. 2019) ("[A] purported failure to comply with a provision of the California Building Code is not a violation of the ADA."); Moeller v. Taco Bell Corp., 816 F.Supp.2d 831, 848 (N.D. Cal. 2011) ("Under [the] 'readily achievable' provision, whether an architectural element denies full and equal access to persons with disabilities is determined based on the ADAAG.").  Second, plaintiff must establish he is entitled to rely on the 2010 ADAAG Standards as a basis for each specific ADA violation claimed.  See Johnson v. Wayside Property, Inc., 41 F.Supp.3d 973, 976 n. 3 (E.D. Cal. 2014) ("The [DOJ] promulgated the ADAAG in 1991 and revised it in 2010.  All architectural and structural elements in a facility are required to comply with the 1991 Standards to the extent that compliance is readily achievable; by contrast, the 2010 [S]tandards apply only to elements that have been altered in existing facilities, or that fail to comply with the 1991 Standards, on or after March 15, 2012.") (internal citation omitted).

Based on the foregoing, IT IS ORDERED THAT:

1. Plaintiff's Application for Default Judgment [ ] **(Document No. 14)** is **denied** without

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-4480 FMO (JEMx) | Date | November 2, 2020 |
|---|---|---|---|
| Title | Chris Langer v. 256 Winton Center | | |

prejudice.  Plaintiff shall file a renewed application for default judgment no later than **November 13, 2020.**  The renewed application shall, at a minimum: (A) provide evidence that plausibly shows how the cost of removing the architectural barriers at issue does not exceed the benefits under the circumstances; (B) not rely on any state laws or codes to establish a violation of the ADA; and (C) present evidence demonstrating that the restaurant was altered on or after March 15, 2012, or apply the 1991 ADAAG Standards.

    2.  Plaintiff is advised that the failure to file a renewed application for default judgment by the deadline set forth above, or filing one that otherwise fails to address the requirements set forth in this Order, shall result in the renewed application being denied and/or the action against defendant being dismissed for failure to prosecute and/or to comply with a court order.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

                                                                                                                                         00 : 00

                                                     Initials of Preparer      vdr